[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15123
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00932-CLS-HGD

ETHAN EUGENE DORSEY, JR.

Plaintiff-Appellant,

versus

CHARLES BAILEY,
in his individual capacity
and official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 7, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ethan Dorsey, Jr., an Alabama prisoner, appeals pro se the summary judgment against his complaint that Charles Bailey, a shift commander at the St. Clair Correctional Facility, acted with deliberate indifference to a substantial risk of serious physical harm to Dorsey in violation of the Eighth Amendment. See 42 U.S.C. § 1983. Dorsey sued Bailey to recover for injuries that Dorsey suffered during a fight with his cellmate, Jerome Terry, whom Dorsey had requested that Bailey relocate to another prison cell. We affirm.

The district court did not err when it entered summary judgment in favor of Bailey. Dorsey failed to establish that Bailey was subjectively aware that Dorsey faced a substantial risk of serious physical harm from Terry. See Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Bailey's affidavit established that, despite an earlier "disagreement" between the prisoners, he did not believe Terry posed any risk of harm to Dorsey because the inmate-control system officer who assigned Terry to Dorsey's cell had determined that the two men were not "validated enem[ies]." And the inmates had lived peaceably since their disagreement. Dorsey averred that he and Terry had resided in the same cell block "for months without incident" and they visited Bailey together to report the "potential danger" in housing them together. Although Dorsey reported that he did not "feel comfortable" living with Terry, Dorsey did not state that he had been threatened by or feared Terry. Dorsey also agreed to "try to chill" after Bailey said

2

that he would address the housing situation in a couple of days.  Affidavits prepared by other inmates established that Bailey knew Terry had been a "troublemaker," had "past conflicts" with Dorsey, and had been removed from the cell block the previous week for sexual misconduct, but failed to prove that Bailey could have known that Terry would hurt Dorsey.  Bailey "arguably should have . . . [separated Dorsey and Terry,] but [a] 'merely negligent failure to protect an inmate from attack does not justify liability under section 1983. . . .'"  Id. at 1350 (quoting Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)).

We **AFFIRM** the summary judgment in favor of Bailey.